**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 28 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUAN FRANCISCO CASTANEDA-
MARTIN,

                Petitioner,

    v.

MERRICK B. GARLAND, Attorney
General,

                Respondent.

No. 20-72027

Agency No. A200-567-138

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 14, 2021**

Before: PAEZ, NGUYEN, and OWENS, Circuit Judges.

Juan Francisco Castaneda-Martin, a native and citizen of Guatemala,

petitions pro se for review of the Board of Immigration Appeals' ("BIA") order

denying his motion to terminate proceedings and dismissing his appeal from an

immigration judge's ("IJ") decision denying his applications for asylum,

---

     \* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     \*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, relief under the Convention Against Torture ("CAT"), and cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We review for abuse of discretion the BIA's denial of a motion to terminate. *Dominguez v. Barr*, 975 F.3d 725, 734 (9th Cir. 2020). We deny in part and dismiss in part the petition for review.

In his opening brief, Castaneda-Martin does not raise, and therefore waives, challenge to the BIA's determination that he waived his challenge to the IJ's dispositive determinations that his asylum application was untimely and that he was ineligible for CAT relief. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). We lack jurisdiction to consider Castaneda-Martin's contentions regarding the merits his CAT claim because he did not raise them to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency). Thus, we deny the petition for review as to Castaneda-Martin's asylum and CAT claims.

As to withholding of removal, in his opening brief, Castaneda-Martin does not raise, and therefore waives, challenge to the agency's determination that he did not meet his burden to establish past persecution. *See Lopez-Vasquez*, 706 F.3d at 1079-80. Substantial evidence supports the agency's determination that

Castaneda-Martin failed to demonstrate a nexus between the harm he fears in Guatemala and a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Castaneda-Martin's withholding of removal claim fails.

We lack jurisdiction to review the agency's denial of cancellation of removal because Castaneda-Martin raises no colorable legal or constitutional claim. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 929-30 (9th Cir. 2005) (court's jurisdiction to review challenges to the agency's discretionary determination is limited to colorable constitutional claims or questions of law).

The agency did not abuse its discretion in denying Castaneda-Martin's motion to terminate proceedings where his challenge to the agency's jurisdiction under *Pereira v. Sessions*, —— U.S. ——, 138 S. Ct. 2105 (2018), is foreclosed by *Aguilar-Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020) ("the lack of time, date, and place in the NTA sent to [petitioner] did not deprive the immigration court of jurisdiction over [his] case").

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**